## Hays *vs* Tribble, &c.

### Error to the Bath Circuit.

Case 33.                    *Vendor and Vandee.*

September 30.   Judge Marshall delivered the opinion of the Court.

This bill was filed by Hays to procure a rescission of a contract for 164 acres of land sold by Tribble to him. By the contract Tribble undertook to make out and convey a complete title—and the rescission is sought on the ground: 1st, That he has not such title; and 2d, That

*The case stated, and prayer of the bill.*

in making the sale, he falsely represented that the land (which was improved for habitation,) had sufficient water, and of good quality, for family purposes and for stock, and that it was capable of producing eight or ten barrels of corn to the acre, when in truth the water was of bad quality and insufficient in quantity even for family use— and the land would not produce half the quantity of corn represented. Tribble, in answer, alledges that he has a complete title, the evidences of which he exhibits as required by the complainant, and denies having made any false or fraudulent representations. He also tenders a deed to the complainant, who was decreed, on final hearing, to accept it, and to pay the remaining half of the purchase money which was unpaid.

The title with which Tribble claims to have been invested, appears to have been regularly transmitted from the Commonwealth to the heirs of Peter Fort; and as evidence of its transmission from them, he exhibits the record of a suit in Chancery against them, terminating in June, 1840, in a decree for a conveyance of their title, and a Commissioner's deed made in pursuance of the decree. On the face of that record the proceedings appear to have been regular so as to make the decree obligatory upon all the parties until reversed, or until it should be opened under the privilege allowed to such of the defendants as were non-residents.

*Vendor's title.*

It is contended that this privilege, reserved to the non-resident heirs, is itself such an objection to this link in the chain of title, that on this ground alone, if there were no other, the purchaser might properly refuse to accept a conveyance thus liable to be defeated, and would, therefore be entitled to a rescission. But the mere existence of the privilege, if there be no ground to suppose that in the particular case it would be available to the party entitled to it, ought not to be regarded as a decisive objection to the validity of the proceeding as a transmission of title. In such a case it should not be presumed either that the non-resident would attempt to avail himself of his privilege, or that if he should, he could affect the decree. So far as the proceeding is regular and shows a sufficient ground in support of the decree, it should be deemed in-

*That a decree for title to land was obtained against non-residents, who have been allowed time to show cause against the decree is not a decisive objection to the Chancellor decreeing that a vendee accept it if the proceedings appear to be regular.*

HAYS
*vs*
TRIBBLE &c

defeasible, notwithstanding this privilege, unless the ob-
jector show some fact by which, under the privilege, it
may be defeated. And even then it may be doubted
whether the objection should be admitted as a peremptory
one, unless there be some probability that the privilege of
defeating the decree will be asserted.

But it is further objected that Mrs. Peggy Howard, one
of the six heirs of Fort, who, with her husband was
named as a non-resident party to the suit, and also as a
party to the decree and conveyance, was dead before the
commencement of the suit, that therefore, as to her in-
terest, the proceeding is totally ineffectual, and that as
there is no evidence either in that suit or in this of any
obligation on her part to convey, Tribble has shown no
title, either legal or equitable, to her interest of one un-
divided sixth part of the land, and that on this ground
Hays should not have been compelled to accept his deed.
There could be no doubt of the correctness of this con-
clusion, if in addition to the foregoing facts, which are
sufficiently established, it appeared that Mrs. Howard left
issue at her death, so that her title did not descend to her
brothers and sisters, who were parties to the suit, and de-
cree for conveyance. And as it was incumbent upon
Tribble under his contract, and as a vendor resisting a
rescission, and in effect seeking a specific execution of
the contract, by the enforcement of the purchase money
and by compelling the acceptance of his deed, to make
out a complete title in himself, we are inclined to think
that he cannot claim in favor of the sufficiency of his title,
the presumption contrary to probability, that Mrs. How-
ard, who was for some years a married woman, died with-
out leaving children; and especially when, in the absence
of the other party, he has taken the depositions of wit-
nesses who were her neighbors, without asking a question
on the subject.

Another objection to the decree is, that as to Mrs.
Ward, a resident defendant, it is founded on the bond of
her husband, without even the allegation of any enforci-
ble equity against herself; that it was rendered without
any answer from her, and that there has been no privy
examination nor any thing equivalent to it, whereby her

*Marginal notes:*

This Court will not presume that one, not party, of several heirs, (a married woman) against whom a suit is brought for a conveyance, died childless, & that her interest descended to her brothers and sisters, in order to sustain a title tendered by a vendor to his vendee.

A vendee will not be required to accept a conveyance decreed by the Chancellor against the husband on his bond, where the title

title could be passed. As a regular party to the decree, we suppose she would be bound by it until reversed, and it might be set up against her if she were to attempt, before reversal, to recover the land in ejectment. But as the decree is certainly reversible as to her, and the time for prosecuting a writ of error has not elapsed, and as it might, perhaps, be set aside by bill, though a writ of error were barred, we doubt whether such a decree against a married woman, founded on no equity appearing in that suit, and unsupported by any proof of an equity against her in this case, should be regarded as evidence of such a title as Hays was bound to accept.

Under these objections the title of Tribble is certainly not indefeasible, and to the extent of Mrs. Howard's interest, cannot be regarded as complete to any substantial purpose, except upon the gratuitous assumption that on her death her title descended to her brothers and sisters. And as in addition to this doubtful state of the title, it sufficiently appears that Tribble, prior to the sale, made in substance the representations alledged in the bill; that they were untrue, and that while he must have known the facts, Hays who, until the purchase, resided in a different and distant county, was probably ignorant of them, we think the case exhibits ample ground for a rescission of the contract.

It is admitted that if Tribble had shown a complete equity to have the title of Fort's heirs, the Court might, upon his application, have given time for its coercion, and especially as there is some reference to the allowance of reasonable time in a subsidiary contract between the parties. But it is evident that Tribble had no equity against either Mrs. Ward or Mrs. Howard or her children, and that so far from asking time to complete his title, he averred that it was complete, and was urging the acceptance of his deed, and a dissolution of the injunction against his judgment for the last half of the purchase money. Having gone to trial willingly, it was not the duty of the Circuit Court, and is not the duty of this Court, to allow him time for procuring a title. And although the allegations of the bill and the proof in the cause, in regard to the representations made by him, might

descended to his wife, and where there is no proof of any equity against, nor any privy examination of her.

Time will not bo allowed vendor to procure title, who insists his title is good, and is urging a decree to compel its acceptance by vendee, especially when his conduct has not been entirely fair in the contract of sale.

not alone be sufficient ground of rescission, they are such as at least to deprive him of all claim to any extraordinary favor, as they leave little doubt that the purchaser was, to some extent, imposed on.

Wherefore, the decree is reversed and the cause remanded, with directions to perpetuate the injunction and decree a rescission of the contract for the land in the bill mentioned, upon such equitable terms as will accord with the principles of equity and the nature of the case.

*Robinson & Johnson* for plaintiff: *Turner and Peters* for defendants.